**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 26-cv-04643-RTG
(**The above civil action number must appear on all future papers sent to the court in this action. Failure to include this number may result in a delay in the consideration of your claims.**)

MANUEL DE JESUS GOMEZ VALLE,

Petitioner,

v.

JUAN BALTAZAR, Warden, Denver Contract Detention Facility (Aurora, Colorado),
ROBERT GUADIAN, Field Office Director, ICE Denver Field Office,
TODD LYONS, Acting Director, U.S. Immigration and Customs Enforcement,
MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security, and
TODD BLANCHE, Attorney General of the United States,

Respondents.

---

**ORDER DIRECTING PETITIONER TO CURE DEFICIENCIES**

---

Petitioner is a detainee at an immigration detention facility in Aurora, Colorado. Kenia Aviles Aviles, Petitioner's spouse, has filed on Petitioner's behalf a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (ECF No. 1).[1] As part of the Court' s review pursuant to D.C.COLO.LCivR 8.1(b), the Court has determined that the document is deficient because Kenia Aviles Aviles may not represent Petitioner unless she demonstrates she has standing to act as Petitioner's next friend.

[1] "(ECF No. 1)" is an example of the convention the court uses to identify the docket number assigned to a specific paper by the court's case management and electronic filing system (CM/ECF). The court uses this convention throughout this order.

"An application for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf." 28 U.S.C. § 2242. But "next friend" standing under § 2242 is not "granted automatically to whomever seeks to pursue an action on behalf of another." *Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990). The Supreme Court has identified two requirements that must be met to have standing to litigate a habeas corpus action on behalf of another person under § 2242.

> First, a "next friend" must provide an adequate explanation - such as inaccessibility, mental incompetence, or other disability - why the real party in interest cannot appear on his own behalf to prosecute the action. Second, the "next friend" must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate.

*Id*.

Kenia Aviles Aviles will be given an opportunity to cure the deficiencies by submitting an amended pleading using the District of Colorado Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 form that satisfies the requirements for next friend standing.

Alternatively, Petitioner may cure the deficiencies by submitting an amended pleading using the District of Colorado Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 form that he signs himself. Accordingly, it is

ORDERED that Petitioner and/or Kenia Aviles Aviles shall have **thirty (30) days from the date of this order** to cure the deficiencies as discussed in this order. Any papers that that are filed in response to this order must include the civil action number on this order. It is

FURTHER ORDERED that, if the deficiencies are not cured **within thirty (30) days from the date of this order**, the action will be dismissed without further notice. The dismissal shall be without prejudice.

DATED September 22, 2026.

BY THE COURT:

Richard T. Gurley
United States Magistrate Judge